IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CLERK'S COPY

FILED
AT ALBUQUERQUE NM

JAN 2 6 1999

ROBERT M. MARCH
CLERK

RUDY CANDELARIA,

      Plaintiff,

v.                                                                   No. CIV-98-1225 BB/WWD

NEW MEXICO DEPARTMENT OF CORRECTIONS,
DONNA McCORD WILPOLT, Acting
Secretary of Corrections,
MANUEL ROMERO, Associate Warden,
JOHN SHANKS, Director of Adult Prisons,
TIM LeMASTER, Warden,
RALPH LUCERO, Deputy Warden,
WILFORD ROMERO, Associate Warden,
ROBERT CONN, Correctional Officer,
MICHAEL BRADY, Correctional Officer,
JIMMY CHAVEZ, Correctional Officer,
BRIAN MOLINA, Correctional Officer,
LYNDEN HICKMAN, Correctional Officer,
PHILLIP MARES, Correctional Officer,

      Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, Plaintiff's claims against certain Defendants will be dismissed for failure to state a claim upon which relief can be granted.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if the action ... is frivolous or malicious; [or] fails to state a claim upon

which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff had notified Defendants that he was in danger of being attacked by another inmate. Because Defendants failed to act on Plaintiff's warnings, he was attacked and severely injured. Plaintiff asserts a number of claims for relief, including supplemental state law claims, and he asks for damages.

Plaintiff's claims against the Department of Corrections, and against the individual Defendants in their official capacities, will be dismissed. Claims against these Defendants are equivalent to claims against the State itself, *Meade v. Grubbs*, 841 F.2d 1512, 1529 (10th Cir. 1988); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989), and are barred by the Eleventh Amendment to the Constitution, which extends the sovereign immunity enjoyed by the States to actions in federal court. *See Griess v. Colorado*, 841 F.2d 1042, 1043-44 (10th Cir. 1988).

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendant New Mexico Department of Corrections, and against Defendants Wilpolt, (Manuel) Romero, Shanks, LeMaster, Lucero, (Wilford) Romero, Conn, Brady, Chavez, Molina, Hickman, and Mares in their official capacities, are DISMISSED without prejudice, and these Defendants are DISMISSED as parties to

this action;

IT IS FURTHER ORDERED that the Clerk is directed to send the following forms to Plaintiff for each of the individual Defendants: summons, notice and waiver of service; any papers which Plaintiff files in response to this order must include the civil action number (CIV 98-1225 BB/WWD) of this case; and failure to return completed forms within thirty (30) days from the date of this order may result in dismissal of this action without further notice.

                                                  /s/ Bruce D. Black
                                             UNITED STATES DISTRICT JUDGE